### KNIGHT v. STATE.

#### 4 Div. 135.

Court of Appeals of Alabama.

May 14, 1935.

Sollie & Sollie, of Ozark, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

■ The duty devolves upon this court to consider all questions apparent on the record. So far as the record shows in this case, the defendant has been tried and convicted

solely upon a complaint filed by the solicitor in the circuit court, and this complaint is not predicated upon or supported by any affidavit as the law requires.

■ It is stated that this prosecution originated in the county court. But nowhere in the record does there appear any affidavit or warrant or other process necessary to confer jurisdiction upon the county court to try this defendant, nor is there any appeal bond in the record. And so far as this court can know, the defendant, if tried in the county court, was tried upon oral complaint of some alleged aggrieved party, and this the law does not provide. The only manner provided by law for the commencement of a prosecution in this state is by the finding of an indictment or by the swearing out a warrant based upon probable cause of the officer issuing same. The statute provides a party aggrieved, or desiring to bring a charge of misdemeanor before the county court, may apply to the judge thereof, or to some justice of the peace of the county, for a warrant of arrest, and, upon making affidavit in writing that he has probable cause for believing, and does believe, that an offense (designating the misdemeanor by name, or by some other phrase which in common parlance designates it) has been committed in said county by the accused on the person or property, as the case may be, of A. B. (naming the person injured), then the judge of said court or the justice of the peace shall examine the affiant under oath and other witnesses, if he so desires, touching the offense charged in the affidavit, and if the court or justice of the peace has probable cause for believing that the offense alleged in the affidavit has been committed, he shall issue his warrant of arrest.

■ In this case, before submission, the Attorney General, representing the state in this court, having noted the insufficiency of the record, applied for and obtained a certiorari seeking to complete the record, but in response thereto the clerk of the lower court certifies: "After the appeal was made to the circuit court from the judgment rendered in the county court, and all the county court papers had been transferred to the circuit court holder, this warrant was lost probably during or after the trial had been had of this cause in the circuit court of this county."

There is nothing to show that this prosecution was had upon the requisite affidavit and warrant, and as this must affirmatively appear in order to show jurisdiction in the lower courts, the judgment of conviction based solely upon a complaint filed by the solicitor is void and will not support an appeal. Therefore, this appeal must be dismissed, and the defendant discharged from further custody in this proceeding.

Other questions presented need not be considered.

*Appeal dismissed.*